1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    MICHAEL J. HICKS,                          No. C 11-6363 SI (pr)

9              Plaintiff,                        **ORDER TO SHOW CAUSE RE.
                                                 CONTEMPLATED DISMISSAL**
10
        v.
11
     D. CONOVER; et al.,
12
                 Defendants.
13
     _____/
14

15         Michael J. Hicks, a prisoner at Pelican Bay State Prison, filed this action pursuant to 42

16   U.S.C. § 1983.  He has applied to proceed *in forma pauperis*.

17         A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the

18   prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

19   an action or appeal in a court of the United States that was dismissed on the grounds that it is

20   frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

21   prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section

22   1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the

23   statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

24         For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state

25   a claim on which relief may be granted" parallels the language of Federal Rule of Civil

26   Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that

27   is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious"

28   refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d

United States District Court

For the Northern District of California

1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Hicks has filed many cases does not alone warrant dismissal under § 1915(g).  *See id.*  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  *Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *See id.* at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

The court has reviewed the docket sheets and orders in *Hicks v. Jourden*, N. D. Cal. No. C 93-4272 CAL; *Hicks v. Lewis*, N.D. Cal. No. C 94-2103 CAL; *Hicks v. Family Healthcare*, C. D. Cal. No. CV 08-5978 (FMO); *Hicks v. Berkson*, E. D. Cal. No. CV-F-02-5905-AWI; and *Hicks v. Cate*, E. D. Cal. No. 08-cv-00511-SPK.  These sources and other docket sheets show that Hicks has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

Hicks is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Hicks v. Jourden*, N. D. Cal. No. C 93-4272 CAL (dismissed for failure to state a claim per orders filed January 20, 1994, May 23, 1994, and October 13, 1994); (2) *Hicks v. Lewis*, N.D. Cal. No. C 94-2103 CAL (dismissed for failure to state a claim per order filed November 22, 1994); (3) *Hicks v. Family Healthcare*, C. D. Cal. No. CV 08-5978 (FMO) (dismissed as frivolous per order filed October 20, 2008);  (4)  *Hicks v.*

United States District Court

For the Northern District of California

2

*Berkson*, E. D. Cal. No. CV-F-02-5905-AWI (dismissed for failure to state a claim per order filed June 20, 2003); and (5) *Hicks v. Cate*, E. D. Cal. No. 08-cv-00511-SPK (dismissed for failure to file a second amended complaint after amended complaint had been dismissed for failure to state a claim in orders filed December 21, 2009 and April 23, 2009).  The court made its evaluation of these cases based on the dismissal orders and docket sheets in them.  *See Andrews*, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these dismissals, and because Hicks does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **June 29, 2012** why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  In the alternative to showing cause why the action should not be dismissed, Hicks may avoid dismissal by paying the full $350.00 filing fee by the deadline.

IT IS SO ORDERED.

Dated: May 19, 2012

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

3