UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS, | No. C 11-6363 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| D. CONOVER; et al., | |
| Defendants. | |

On May 19, 2012, the court issued an Order To Show Cause Re. Contemplated Dismissal, requiring plaintiff to explain why pauper status should not be denied under 28 U.S.C. § 1915(g) and the action should not be dismissed. The order to show cause identified five earlier dismissals that appeared to count for purposes of § 1915(g).

Plaintiff now requests copies of court records from three of the five earlier dismissals. He states that he wishes to examine those records because he has questions about the earlier dismissals mentioned in the order to show cause. The request is GRANTED in part. (Docket # 8.) Plaintiff does not need a copy of the entire file of each of the three cases, and only needs the dispositive orders and the docket sheets. The clerk will mail to plaintiff the following documents:

(a) docket sheet, "order dismissing action," "order granting motion for leave to amend complaint, and dismissing amended complaint," and "order denying motion for reconsideration and request for disqualification" in *Hicks v. Cate*, E. D. Cal. No. 08-511 SPK;

  (b) docket sheet and "order of dismissal" in *Hicks v. Corrections Officer Lewis*, N.D. Cal. No. C 94-2103 CAL; and

  (c) docket sheet, "order of dismissal with leave to amend," "order" filed March 23, 1994, "order" filed May 23, 1994, and "order of dismissal" in *Hicks v. Jourden*, N. D. Cal. No. C 93-4272 CAL.

The court will not send to plaintiff his complaints and other filings from those actions because those documents are irrelevant to the current inquiry. The § 1915(g) inquiry does not include a review of the correctness of earlier dismissals, but instead only whether each such dismissal was on the ground that the complaint was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, " 28 U.S.C. § 1915(g).

  Plaintiff also requests a 90-day extension of time to respond to the order to show cause. Upon due consideration, the court GRANTS the request in part. (Docket # 7.) The 90-day extension plaintiff requests is excessively long. The court sets a new deadline of **August 31, 2012** for plaintiff to respond to the order to show cause. No further extensions of this deadline will be permitted.

  In his request for extension of time, plaintiff also requests the court to stay the order to show cause or to issue an injunction directing prison officials to provide plaintiff "access to the Gilmore series of books or physical access to a law computer." Docket # 7, p. 3. To grant the requested injunction, the court would have to interfere with the ordinary day-to-day operations of the prison, which generally federal courts are discouraged from doing. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (judiciary should exercise restraint on matters of prison administration). A stay of this action so that plaintiff may exhaust administrative remedies is not warranted; plaintiff has been denied the access to legal materials that he wants, and there is no reason to believe he will obtain those materials if this action is stayed. Plaintiff has citations to the relevant cases (because the court cited the controlling Ninth Circuit cases regarding § 1915(g) dismissals in the order to show cause), and will receive with this order the documentation for the three dismissal orders plaintiff questioned. Plaintiff has the materials to

respond to the order to show cause. Plaintiff must file a response to the order to show cause by the deadline or this action will be dismissed.

IT IS SO ORDERED.

Dated: July 16, 2012

SUSAN ILLSTON
United States District Judge